NuitiN, Chief-Justice.
 

 The position seems tobe correct, that the defendant was not tenant from year to year, and therefore was not entitled to notice to quit, in the sense of determining thereby his estate. For he did not enter claiming an estate in himself, or legal interest in the land, and was not liable for rent, eitiier in a sum agreed on, or by way of use and occupation. His possession was merely by the. license of the owner for an indeterminate
 
 period;
 
 which seems to be the only remnant of the old strict common law tenancy at will, which now exists.
 

 In such cases, the possession is lawful, and may be continued until one party or the other determines the will: the lessor, by demanding the possession, or the occupier by some act wrougful to the owner, which turns him into a trespasser. Before that, ejectment cannot bé-maintained ; for that action assumes, that the possession of the defendant at the time of bringing it, and at any time after the demise laid in the declaration, is wrongful. Hence in
 
 Right
 
 v.
 
 Read,
 
 (13
 
 East.
 
 210,) it was held that after the defendant had been put into possession under a treaty for a purchase by the lessor of the plaintiff) he could not maintain this action until the def
 
 *222
 
 endant was made a wrong-doer, either by a refusal to deliver the possession or some other
 
 tort.
 
 Hence the notice given in this case was necessary, or some other. The question remains, whether this action is consistent with that notice, so as to be sustainable upon it. The notice is to quit on the 1st day of January, 1831; and the declaration was served in April 1831, upon a demise laid on the first of January. It has been in some cases argued, that service of the declaration of itself determined the will, and that the common rule subsequently entered into, includes an admission of the entry of the lessor to make the demise, which is sufficient. If this be true in any case, it can be only where the demise is laid on the day of the
 
 service;
 
 for
 
 it must go
 
 on the. idea that the entry to serve the declaration, determined the permissive occupation, and that then the demise was made, and the ouster subsequently ; which the occupier is not bound to defend, and therefore defends at
 
 bis
 
 peril. But if the demise be laid as
 
 of a prior
 
 day, then it is before any supposahle entry of the lessor, because the defendant’s possession on that day was legalised and as a fiction, a lease, apparently illegal, cannot be admitted. Hence it is laid down generally, that in all cases of permissive occupations the.demise'inust be laid after the determination of the licence.
 
 Birch
 
 v.
 
 Wright,
 
 (1
 
 T. R.
 
 383.)
 
 Adams on Eject.
 
 191. This is not merqjy technical, because the action supposes the lessor to have the right to make the demise at the time it is laid, and that the defendant had then no right to possess, and hence, it is conclusive of the lessor’s title from that day, in the action for mesne profits. In
 
 Dem
 
 v.
 
 Rawlins,
 
 (10
 
 East.
 
 261,) no demand of possession was shown, except
 
 the
 
 service of the declaration,which it was insisted, was sufficient. But the contrary was held, upon the ground that the demise was laid on the preceding 1st of January, and the court asks, from what time before the service of the declaration was the defendant a trespasser?
 

 In the case before us, the question is not upon the ef. feet of another notice to quit before January, if one had been apven; nor upon the effect of the declaration.
 
 *223
 
 it it bad been served on the first of January; but whetber upon the notice given, the lessor of the plaintiff can be supposed to have made the demise on that day. He cannot, because it was not-against his will that the defendant should possess to the end of that day. and therefore until its expiration, the lessor cannot he presumed to have entered, as the demise assumes he did. Until the end of the day, the defendant had not refused to deliver the possession as demanded, and consequently was not a trespasser at the time of the demise. Upon this ground, the judgment must be affirmed.
 

 Per Curiam — Jodgmext axetrmed.